PLAZA PROVISION COMPANY, INC., peticionaria y apelada, *v.* JESÚS BENÍTEZ CASTAÑO, sustituído por DR. CARLOS M. DE CASTRO, como ADMINISTRADOR, y BOLÍVAR PAGÁN, como TESORERO, DE LA CAPITAL DE PUERTO RICO, demandados y apelantes.

Núm. 7340.—*Sometido:* Marzo 1, 1937. *Resuelto:* Abril 15, 1937.

*J. Valldejuli,* abogado de los apelantes; *James R. Beverley, R. Castro Fernández, Ryder Patten* y *José López Baralt,* abogados de la apelada.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

La parte apelada solicita la desestimación del recurso interpuesto en este caso porque habiéndose radicado los autos desde junio 18, 1936, los apelantes, a la fecha de la moción—febrero 11, 1937—no habían presentado el alegato que de acuerdo con la ley debieron haber presentado desde junio 28, 1936.

Reconocieron su falta los apelantes. Alegaron que se debía a la negligencia del empleado encargado del libro de términos en el bufete de su abogado. Acompañaron su alegato y haciendo énfasis en el mérito del mismo, pidieron que el recurso no fuera desestimado.

A los efectos de ejercitar debidamente nuestra discreción hemos examinado el alegato y encontramos que la única cuestión envuelta en el recurso es la de la jurisdicción de la Corte de Distrito de San Juan para expedir el auto de *injunction* preliminar que expidiera paralizando el cobro de cierto arbitrio impuesto por una ordenanza del Gobierno de la Capital.

Sostienen los apelantes que la corte carecía de autoridad dado el terminante precepto legislativo contenido en el artículo 32 (*a*) de la Ley (núm. 99) para establecer un gobierno especial para la Capital de Puerto Rico (Leyes de 1931, pág. 627) tal como quedó enmendada por la Ley núm. 32 de 1933, Leyes de 1933, pág. 255. Invocan la decisión de esta corte en el caso de *Texas Co. (P. R.) Inc.* v. *Junta de Comisionados,* 49 D.P.R. 934.

La Legislatura en el precepto indicado fijó el pago bajo protesta y la reclamación de lo pagado ante los tribunales de justicia como el recurso único en caso de recaudación

ilegal de rentas, contribuciones o arbitrios locales de la Capital y dispuso además que en ningún caso se expediría auto alguno para impedir la recaudación de dichas rentas, contribuciones y arbitrios locales devengados o para obstaculizar o demorar su recaudación. Si ese precepto rige en toda su integridad, debe resolverse que asiste la razón al apelante.

¿Qué decidió esta corte en el caso invocado?

Después de estudiar algunas decisiones que resuelven que el pago bajo protesta y la reclamación judicial de lo pagado sin comprender intereses, no es un remedio completo y adecuado que impida el que pueda recurrirse a la equidad, dijo la corte por medio de su Juez Asociado Sr. Travieso:

"De acuerdo con las autoridades que preceden, podría tal vez haberse invocado la jurisdicción extraordinaria de la Corte de Distrito de San Juan, como corte de equidad, en solicitud de un auto de *injunction,* para impedir el cobro de la contribución en el presente caso, alegando la ineficacia del remedio que a la demandante concede la sección 32 (*a*) de la Ley del Gobierno de la Capital. Pero ese remedio de equidad no podría prosperar si, aparte del remedio de pago bajo protesta, existiese otro remedio legal adecuado para conseguir la revisión y anulación de la ordenanza.

"La dificultad del caso de autos estriba en que la demandante no ha acudido ante la corte de distrito en solicitud de que ésta, como Corte de Equidad, le proteja, mediante un auto de *injunction,* contra la aplicación de una ordenanza que considera ilegal, sino que ha invocado la intervención de la corte, para que ésta le conceda un remedio legal estatutario, el *certiorari,* que la corte puede conceder o negar, a su discreción, pero sólo en aquellos casos taxativamente provistos por el estatuto.

"En todos los casos que hemos citado, el demandante recurrió al *injunction.*

". . . . . . . .

"La petición en el presente caso se ha basado exclusivamente en la alegada insuficiencia de los remedios legales que las leyes vigentes ofrecen al contribuyente para protegerse contra una exacción ilegal de un gobierno municipal. Y hemos visto, que aun admitiendo la insuficiencia del remedio del pago bajo protesta que da la sección 32 (*a*) de la Ley del Gobierno de la Capital, la contención de la

apelante no ha sido sostenida, pues ésta tiene otros recursos legales tan eficaces como el *certiorari* para proteger sus derechos.

"No pende ante nos la cuestión sobre si la demandante en este caso tendría o no derecho a un auto de *injunction,* para impedir el cobro del arbitrio sobre las bombas para expendio de gasolina; ni estamos tampoco obligados a emitir opinión sobre la legalidad o ilegalidad de la ordenanza." .

En el día de hoy, en el caso de *West India Oil Co. P. R.* v. *Jesús Benítez Castaño y Bolívar Pagán* (ante, pág. 273), esta corte por medio de su Juez Asociado Sr. Córdova Dávila, cita el de Texas Co. supra, amplía el estudio de la jurisprudencia sobre el particular y dice:

"En el presente caso no es necesario resolver definitivamente la cuestión planteada, aunque aparece muy bien argumentada por los tribunales que sostienen que el remedio no es adecuado y que procede el *injunction* cuando no se conceden intereses. Decimos que no es necesario resolver definitivamente esta cuestión, porque la peticionaria no se ha colocado dentro de los principios de equidad para solicitar el auto de *injunction.* Cuando pague u ofrezca pagar lo que debe por las bombas de gasolina que posee según las alegaciones de la demanda, entonces podrá discutirse si está autorizada o no para solicitar la acción judicial por medio de un procedimiento de equidad. *'He who seeks equity, must do equity.'* Ésta es la regla aplicada por los tribunales en un caso de esta naturaleza."

Puede verse, pues, que aunque esta corte ha insinuado su criterio, no ha resuelto la cuestión de modo definitivo. Y como se trata de algo de verdadera importancia que debe quedar dilucidado y resuelto cuanto antes, creemos que debemos ejercitar nuestra discreción en el sentido de permitir que el alegato presentado fuera de tiempo por la parte apelante quede en los autos y el recurso continúe tramitándose de acuerdo con la ley, debiendo en su consecuencia *declararse sin lugar la moción de desestimación.*